CHARLES B. TEDESCO, RELATOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND WILLIAM H. WILLIAMS, DIRECTOR OF REVENUE AND FINANCE OF THE TOWN OF BELLEVILLE, AND FRED B. HANDLON, RESPONDENTS.

Submitted May 4, 1948—Decided July 26, 1948.

Before Justices BODINE and JACOBS.

For the relator, *Charles E. McCraith, Jr.*

For Civil Service Commission, *Walter D. Van Riper* and *John W. Griggs.*

For William H. Williams, *Lawrence E. Keenan.*

For Fred B. Handlon, *Jacob Fox.*

The opinion of the court was delivered by

BODINE, J. Relator, who has been an employee of the Town of Belleville under a regular employment for an indefinite term, seeks to have his name placed upon the payroll and to compel the Civil Service Commission to so certify.

The basis for the refusal is that by order of his superior, the Director of Public Safety, he has been performing, in addition and without added compensation, the duties theretofore performed by one Fred B. Handlon as clerk, Recorder's Court.

On November 6th, 1945, the voters of the Town of Belleville by referendum adopted the provisions of the Civil Service Act. Charles B. Tedesco, the relator, and the respondent Fred B. Handlon had been for several years in the employ of the town. Handlon was performing the clerical duties of the Recorder's Court. In May of 1946, Louis A. Noll was elected one of the commissioners of the Town of Belleville, and assigned to the office of Director of Public Safety.

Upon the adoption of the provisions of the Civil Service Act, Tedesco was designated chief clerk, Department of Parks and Public Property; Handlon was designated clerk, Recorder's Court, Department of Public Safety.

On June 25th, 1926, Tedesco was transferred to the position of chief clerk of the Department of Public Safety. On July 15th, 1946, the Civil Service Commission approved the transfer.

On July 30th, 1946, the relator, Charles B. Tedesco, was classified by the Civil Service Commission to the new title of administrative assistant II. The respondent Fred B. Handlon had been classified by the Civil Service Commission to the title of clerk, Recorder's Court. Between June 25th, 1946, and April 15th, 1947, he performed only the duties of clerk, Recorder's Court, in the Department of Public Safety.

On April 15th, 1947, the director of that department caused to be served on Handlon a notice suspending him as clerk of the Recorder's Court, and designating April 24th, 1947, as the date of hearing the charges preferred against him.

On August 26th, 1947, the Board of Commissioners, by ordinance approved by the Civil Service Commission, assigned

Tedesco to the position of administrative assistant II, Department of Public Safety.

The charges against Handlon resulted in his removal. He took an appeal to the Civil Service Commission. That Commission dismissed the appeal and approved the action of the director. Later he filed a petition for a reopening and a re-hearing. This was denied. On October 21st, 1947, the Civil Service Commission ordered that Handlon be reinstated, rescinding its order of July 1st, 1947. Handlon presented himself to resume his duties and he was advised that there was no place for him, since Tedesco, with the approval of the Civil Service Commission, was performing the duties which Handlon had previously served.

The Civil Service Commission then refused to approve the payroll, in so far as it related to Tedesco's salary, until there was compliance with its order. Although Handlon was made a party to this proceeding we do not think we can adjudicate anything as to him.

The sole question is: can the Civil Service Commission refuse to certify the salary of an employee, who is a member of the Civil Service performing the duties assigned to him, because the Civil Service Commission has directed that a former employee be assigned to some of the duties which had been assigned to the relator? We think to state the proposition is a sufficient answer. Certainly, the Civil Service Commission is invested with no power to deprive Tedesco, who is working, of his salary merely because it thinks that the town should have recreated a position and reinstated a former employee to the position which he once occupied.

We are pointed to nothing in the statute which authorizes the action taken. Whatever remedy Handlon may have must be based on more solid foundation than presented.

Suffice it, that a peremptory writ should issue forthwith against the Civil Service Commission to certify the name of Tedesco. We do not pass on questions which may arise in the future. Costs, of course, do not run against the state or its agency.